IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DURWYN WILLIAMS § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-13-648 |
| § | |
| BANK OF AMERICA, N.A. § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Defendant Bank of America, N.A. ("Bank of America" or "Defendant") Motion to Dismiss (Document No. 10), seeking dismissal of all of Plaintiff's claims. Plaintiff has responded to the motion (Document No. 13), and Defendant has replied to Plaintiff's Response. (Document No. 14). Having considered the parties' submissions and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss be GRANTED, and that Plaintiff's Complaint be dismissed with prejudice.

I. Introduction

Plaintiff Durwyn Williams ("Williams" or "Plaintiff") filed his original Petition, First Amended Petition and Application for Temporary Restraining Order and Temporary Injunction ("the Petition") in the 133rd Judicial District Court of Harris County, Texas Cause No. 2013 06471 on

February 4, 2013 (the "State Court Action"). (Defendant's Notice of Removal, Document No. 1-1, Exhibit A). Williams' State Court Action relates to the Defendant's attempt to foreclose on Williams' property located at 4401 Stillbrook Drive, Houston, TX 77035 (the "Property").

On March 8, 2013, Defendant timely removed the case to this court on the basis of diversity jurisdiction (Document No. 1). On November 8, 2013, Plaintiff filed a Motion for Leave to File Pleadings (Document No. 8), namely a Complaint. Judge Harmon granted Plaintiff's Motion (Document No. 12). As such, Plaintiff's Complaint is the Live Pleading at issue in the instant action. In his Complaint, Williams asserts a claim for breach of contract.

II. Allegations in the Complaint and the Offer to Modify

Williams alleges that "in or before November 2008, [he] began communications with [Bank of America] regarding problems he was having making payments toward his mortgage." (Document No. 8-1, at ¶ 5). Williams alleges that Bank of America sent him letters in December 2008, February 2009, and March 2009 concerning his mortgage, and which culminated in a letter dated May 29, 2009 that he contends constituted an "offer to modify" his mortgage. (Document No. 8-1, at ¶6). Williams states that this "offer was contingent on Mr. Williams's acceptance and agreement to the terms contained in the letter." (Document No. 8-1, at ¶8). He alleges that he accepted the offer on June 10, 2009, on June 11, 2009, he wired via Western Union a payment of $2,850.00, and thereafter began making monthly payments of $1,323.79 to Bank of America as specified in the "offer". (Document No. 8-1, at ¶ 8). Plaintiff alleges that, in a letter dated October 6, 2009, Bank of America sent him a Notice of Default, Demand for Payment and Intention to Accelerate, which indicated that he "was in breach of the terms of the Promissory Note and Deed of Trust" because "payments of $2039.93 had not been made from December 28, 2008 through October 1, 2009." (Document No. 8-1, at ¶9). Plaintiff alleges that the Modification Agreement that he accepted in

June 2009, created a new agreement between the parties (Document No. 8-1, at ¶9), and that he had" submitted payments of $1,323.70 through January 2010" and that "Bank of America accepted some of these payments and rejects others." (Document No. 8-1, at ¶10). Williams alleges that Bank of America's "breach of the new contract has caused a delay in payments and acceleration of Plaintiff's loan." (Document No. 8-1, at ¶¶14-17). He seeks unliquidated damages and requests reasonable attorneys' fees. (Document No. 8-1, at ¶¶18-19).

> The May 29, 2009 letter, which Plaintiff relies on, states in pertinent part:
>
> This letter constitutes our offer to modify the Mortgage identified above, subject to the terms and conditions agreement. When signed by you, this letter will also constitute your acceptance and agreement to these terms and conditions.
>
> Your mortgage is currently in default. Collection activities, which may include foreclosure, may continue. If you sign the attached acceptance and perform as required in this commitment, we will cease any collection activity when the mortgage is modified.
>
> Indicate your acceptance of this offer for a Modified Mortgage under the terms and conditions outlined on pages 2 and 3 by signing the attached acceptance, *which must be signed by each borrower and returned within seven days from the date of this letter. If we do not receive this signed acceptance letter, this offer will expire automatically without further notice.*
>
>      *     *     *
>
> The commitment for a Modified Mortgage will not be considered a waiver of or a defense to the right of Bank of America, N.A. to commence or continue any collection action, including foreclosure. Even when signed by Bank of America, N.A. and us, it will not prevent collection actions continuing if we fail to fulfill any of its terms and conditions.
>
> This commitment is contingent on those listed in Section C. Bank of America, N.A. shall determine whether the contingencies have been satisfied.
>
>      *     *     *
>
> We will sign all the documents necessary to complete the Modification and pay the amounts due on the date we receive the documents and the bill.

> We have failed to pay the Mortgage in accordance with its terms and are now in default. We have no defense or offsets against the right of Bank of America, N.A. to collect or foreclose.

( Document No.13-3, Exhibit A-2, p. 1 & 3 of 4).

III. Applicable law

Because Defendant has filed a Rule 12(b)(6) motion, the undersigned Magistrate Judge construes the Complaint, in favor of the Plaintiff and has accepted as true all well-pleaded facts. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzales v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009)). Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)((6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In addition, plausibility will not be found where the complaint "pleads facts that are merely consistent with a defendant's liability" but "stops short of the line between possibility and plausibility" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). The Supreme Court has further held that plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 556 U.S. at 678-680. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 556 U.S. at 678.

Therefore, a Plaintiff must plead specific facts, not merely conclusory allegations to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). While a court must accept all of Plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To state a claim for breach of contract a plaintiff must show "(1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages." *Rice v. Metro. Life Ins. Co.*, 324 S.W.3d 660, 666 (Tex. App.-Fort Worth 2010, no pet.); *Lewis v. Bank of America, N.A.*, 343 F.3d 540, 544-45 (5th Cir. 2003). Under Texas law, a valid contract requires (1) an offer, (2) acceptance in strict compliance with the offer's terms, (3) meeting of the minds, (4) each party's consent to the terms, (5) the contract to be executed and delivered with intent that it be mutual and binding, and (6) consideration. *Id.* at 670. "Texas courts give significant weight to express requirements that contracts be executed by the parties before they come binding." *Pennington v. HSBC Bank USA, N.A.*, 493 Fed. App'x 548, 554-55 (5th Cir. 2012), *cert. denied*, ___U.S.___, 133 S.Ct. 1272 (2014).

IV. Analysis

Bank of America argues that Williams' breach of contract claim should be dismissed because no valid contract to modify the original mortgage was ever formed, and therefore, Williams' purported breach of contract claim based on the "new contract" fails as a matter of law. Bank of America argues that Williams' characterization of the May 29, 2009, letter is misplaced. Defendant argues that, by its express terms, the May 29 letter constituted only an offer or proposal to modify Williams' mortgage, and it was expressly contingent upon Williams timely meeting all conditions. Bank of America contends that, because the Complaint demonstrates that Williams failed to timely

accept the May 29 Proposal and failed to timely submit the amount set forth in the Proposal, the offer to modify Williams' loan automatically expired, and that the only contract between the parties has been, and continues to be, the original Deed of Trust and Promissory Note.

Defendants arguments are well-taken.  As noted above, the May 29 letter clearly states that it is an *"offer"* to modify his mortgage; it is not a completed loan modification agreement.  The offer to modify required that Williams indicate his acceptance of the offer by signing and returning the notice of acceptance within seven days of the date of the letter–by June 5, 2009, but Williams states that he did not accept the offer until June 10, thereby failing to meet the acceptance deadline.  The letter further provided that, if Bank of America did not receive the signed acceptance, the offer would automatically expire without further notice.  The offer to modify expired, therefore, as a matter of law.

Further, with respect to amounts to be paid in certified funds, the May 29 letter provides that "[a] mortgagor contribution of $2,853.00 is due within seven days from the date of this letter, which includes any required escrow funds."  (Document No. 13-3, Exhibit A-2, p. 2 of 4).  Williams states that he wired $2,850.00, on June 11, 2009.  (Document No. 8-1, at ¶8).

Williams argues that, despite the written deadline, time was not of the essence with respect to his accepting the offer and that any delay should be disregarded.  He also contends that the amount wired was a mere error on the part of Western Union and that the three-dollar deficiency was not a material breach of the "new contract."  He further contends that his failures should be disregarded because Williams had been in constant communication with Bank of America concerning his financial difficulties.  Williams argues that it would be unfair to not find that a valid "new contract" had been formed to "aid in the saving of Plaintiff's family home."  (Document No. 13, p. 7).

The court may not, however, override the parties' intent or substitute new terms for the ones

provided in the May 29 letter. Given the clear, explicit, and unambiguous language of the May 29 letter, Williams' arguments are not well-taken. By its terms, the May 29 offer letter was not effective immediately; rather it was contingent upon Williams timely signing and submitting the notice of acceptance and timely submitting the requisite $2,853.00. Williams failed to accept the May 29 offer in accordance with its terms, the offer to modify the loan automatically expired, and as such, no contract was formed. Moreover, while Williams purports to have fulfilled his obligations under the offer, the May 29 letter provides that Bank of America "shall determine whether the contingencies have been satisfied." (Document No. 13-3, Exhibit A-2, p. 3 of 4).

Although Bank of America may have accepted mortgage payments that were less than the original amount for several months, its acceptance of those payments does not indicate an intent to be bound by the May 29 letter. Its acceptance of Williams' lower payments can reasonably be seen as acceptance of partial payments on Williams' mortgage. *See Pennington*, 493 Fed. Appx. at 555 (holding that a lender did not indicate an intent to be bound by an unsigned permanent modification agreement, after it had accepted lower mortgage payments under a trial modified plan). The May 29 letter shows that Bank of America asserted that Williams was in default on his regular mortgage payments and that its foreclosure efforts could proceed. In conclusion, because Plaintiff has not, and cannot, show that an enforceable "new contract" exists, his breach of contract claim arising out of this "new contract" fail as a matter of law.

V. Conclusion

Based on the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss (Document No. 10) be GRANTED and that Plaintiff's Complaint be dismissed with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record.  Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Serv. Auto Assn,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 28th  day of May, 2014

_____
Frances H. Stacy
United States Magistrate Judge