```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTER DISTRICT OF TEXAS
                    HOUSTON DIVISION

DURWYN WILLIAMS,                §
                                §
            Plaintiff,           §
                                §
VS.                             §    CIVIL ACTION H-13-648
                                §
BANK OF AMERICA, N.A.,          §
                                §
            Defendant.           §
```

## OPINION AND ORDER

Pending before the Court in the above referenced cause seeking to enforce an alleged modification of a mortgage loan agreement are (1) Defendant Bank of America, N.A.'s ("the Bank's") motion to dismiss (instrument #10) Plaintiff Durwyn Williams' ("Plaintiff's" or "Williams'") Original Complaint (#8, Ex. A) for failure to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6); (2) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#17) that the Bank's motion to dismiss be granted; and (3) Plaintiff's objection to the memorandum and recommendation (#18).

### Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the

-1-

complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . .

(1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the

complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Objections timely filed within fourteen days of entry of the Magistrate Judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. *Byars v. Stephens*, No. 5:13-CV-189-DAE, 2014 WL 1668488, at *2 (Apr. 14, 2014), *citing Thomas v. Arn*, 474 U.S. 140, 151 (1985). The court does not have to consider "'[frivolous,

conclusive, or general objections.'"  *Id., citing Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  Findings by the Magistrate Judge to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C).  Findings to which no specific objections are made require that the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law.  *Id., citing U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### Allegations of Plaintiff's Original Complaint

Plaintiff alleges that after he experienced financial difficulties, he called the Bank regarding his mortgage payments and was placed under a moratorium.  The Bank agreed not to assess late charges or report any delinquency to any credit agency during the moratorium and informed Williams that he might be eligible for a repayment plan or other relief.  After the moratorium expired, the Bank sent Williams a letter advising him to arrange to pay his missed mortgage payments in the amount of $8,276.72 and stating that the Bank was committed to helping him resolve the problem and that he should call a bank representative immediately.  In February 2009 Williams received another letter from the Bank stating that he did not qualify for a work out.  On March 20, 2009, Williams received two "original" Loan Modification Agreement documents; a

copy of the Loan Modification Agreement followed this letter. On May 29, 2009 the Bank sent a letter with an offer to modify Plaintiff's mortgage, contingent on Williams' acceptance of and agreement to the terms and conditions indicated in the letter. On June 10, 2009 Williams accepted the offer by signing the document with the terms and conditions of the offer, and he sent a check for $2,850.00 as payment via Western Union on June 11, 2009. Subsequently he made monthly payments of $1,323.79 to the Bank.

The Bank nevertheless sent Williams a Notice of Default, Demand for Payment and Intention to Accelerate in a letter dated October 6, 2009, which stated that Williams was in breach of the terms of the Promissory Note and Deed of Trust. It further indicated that payments of $2,039.93 had not been made from December 28, 2008 through October 1, 2009. Williams maintains that the Modification Agreement that he accepted in June 2009 created a new agreement between the Bank and himself and that it required monthly payments of only $1,323.79.

Williams continued to pay $1,323.79 per month through January 2010, some of which the Bank accepted and others that it refused. In a notice dated January 12, 2010, the Bank rejected Williams' December 2009 payment and stated, "Only a cashiers check or money order is acceptable at this time. (Personal or business checks cannot be accepted.)" Another notice dated January 27, 2010 stated that the Bank refused to accept Williams' January 2010 payment

because "the amount remitted does not represent the total due."

Williams sought legal counsel and subsequently filed this suit to prevent the Bank from foreclosing on his home.

Williams asserts a claim for breach of the loan modification contract in the Bank's refusal to accept some or all of the payments, which caused a delay in payments and acceleration of his loan.

### The Bank's Motion to Dismiss (#10)

On May 29, 2009 the Bank sent Plaintiff the letter constituting a proposal to modify Williams' mortgage, but, as he admits, "contingent on Mr. Williams' acceptance and agreement to the terms and conditions contained in the letter." Pl.'s Complaint, #8-1 at ¶8; copy attached to #10, Ex. A.[1] The proposal recited the following:

> This letter constitutes our offer to modify the Mortgage identified above, **subject to the terms and conditions agreement.** When signed by you, this letter will also constitute your acceptance and agreement to these terms and conditions.
>
> Your mortgage is currently in default. Collection activities, which may include foreclosure, may continue. If you sign the attached acceptance and perform as required in this commitment, we will cease any collection activity when the mortgage is modified.
>
> Indicate your acceptance of this offer for a Modified Mortgage under the terms and conditions outlined on pages 2 and 3 by signing the attached acceptance, which **must be**

---

[1] Because the proposal is referenced in Plaintiff's Complaint, the Court may consider it on a motion to dismiss.

> **signed by each borrower and returned within seven days from the date of this letter. If we do not receive this signed acceptance letter, this offer will expire automatically without further notice.**

Ex. A, p.1 (emphasis added).[2] One of the terms and conditions established in the proposal required Williams to make "[a] mortgagor contribution of $2,853.00 within seven days from the date of the letter," i.e., from May 29, 2009. *Id.* at p. 2. Other conditions outlined in the proposal for finalizing an agreement to modify Williams' loan include the execution of a formal loan modification agreement and the possibility of obtaining a title insurance policy or approval from the mortgage insurer. *Id.* at pp.

---

[2] The Magistrate Judge quotes four more parts of the proposal, which are relevant to this dispute and supportive of the Bank's position:

> The commitment for a Modified Mortgage will not be considered a waiver of or a defense to the right of Bank of America, N.A. to commence or continue any collection action, including foreclosure. Even when signed by Bank of America, N.A. and us, it will not prevent collection actions continuing if we fail to fulfill any of its terms and conditions.
>
> This commitment is contingent on those listed in Section C. Bank of America, N.A. shall determine whether the contingencies have been satisfied.
>
> We will sign all the documents necessary to complete the Modification and pay the amounts due on the date we receive the documents and the bill.
>
> We have failed to pay the Mortgage in accordance with its terms and are now in default. We have no defense or offsets against the right of Bank of America, N.A. to collect or foreclose.

Ex. A, pp. 1 and 3.


2-3.

The Bank insists that Plaintiff cannot prevail on his breach of modification contract claim because his Complaint and the undisputed evidence establish that a modification was never entered into; the only contract that exists between the parties is the original Promissory Note and the Deed of Trust. For an enforceable modification contract a plaintiff must satisfy the requirements for formation of a contract: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Shriver v. Texas Dept. of Trans.*, 293 S.W. 3d 846, 851 Tex. App.--Fort Worth 2009, no pet.). The mutuality of obligations, or consideration, required to establish an enforceable contract must be such that the "detriments must induce the parties to make the promises and the promises must induce the parties to incur the detriments." *Federal Sign v. Texas Southern Univ.*, 951 S.W. 3d 401, 408 (Tex. 1997), *superseded by statute on other grounds as stated in General Services Com'n v. Little-Tex Insulation, Co.*, 39 S.W. 3d 951 (Tex. Feb. 1, 2001).

To support his breach of contract cause of action, Williams bears the burden to show that (1) he has a valid, enforceable contract; (2) that he met or tendered performance of his contractual obligations; (3) that the Bank breached its contractual

obligations; and (4) that he suffered injury because of that breach. *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W. 2d 320, 326 (Tex. App.--Houston [1st Dist.] 1995, no writ).

The Bank argues that under the terms and conditions set out in the May 29, 2009 proposal, the proposal expired on June 5, 2009, because Plaintiff failed to execute and return the acceptance until June 10, 2009, five days after it was due. He was also required to make a contribution of $2,853.00 within seven days from the date of the Proposal, or by June 5, 2009. Instead he made a payment of $2,850.00 six days after the deadline, after the proposal had automatically terminated.

The Bank further argues there was no consideration for the modification agreement because Williams did not provide any additional consideration, but simply made payments that he was already obligated to make under the existing loan agreement, and he did not make payment sufficient to cure his default.

In addition, argues the bank, Plaintiff suffered no damages. Since the new contract was never created, the original contract (the Note and Deed of Trust) was still in effect. Williams admits that he was in default under the original contract and that the default caused acceleration of his loan. Because he was in default, he cannot satisfy the element of performance under the Note and Deed of Trust. Therefore he fails to state a claim for breach of the Note and Deed of Trust. Any payments made by

Williams were payments toward his debt under the Note, some of which were returned to him as of January 2010. Even if the payments had not been returned to him, he would not have been damaged because the payment would have reduced his pre-existing debt obligation.

The Bank also argues that even if the proposal had been timely accepted and supported by consideration, it would fail under the statute of frauds because it was not executed by the parties. In Texas a loan agreement for more than $50,000 is not enforceable if it is not in writing. In addition, Section 36.01(b)(4) of the Texas Business and Commerce Code requires that an agreement regarding the sale of an interest in real estate must be in writing and "signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him." The proposal was to adjust Williams' principal balance on the loan to $319,112.56. There is no written modification agreement signed by both the Bank and Williams. Thus the alleged contract to modify the loan is barred by the statute of frauds.

## Plaintiff's Response (#13)

Williams asserts that the Bank improperly relies on exhibits, so Plaintiff's response anticipates the Court's treatment of the Bank's motion as one for summary judgment and attaches a number of documents.

The Court agrees with the Bank that since the proposal was

referenced in the Complaint and attached to both the Complaint and the motion to dismiss, it is permissible to consider it under Rule 13(b)(6). The same is not true for Williams' exhibits as the Court has not converted the 12(b)(6) motion to one under Fed. R. Civ. P. 56.

Williams insists that he accepted the Bank's offer of a loan modification by signing and returning it and the required payment. The Bank then breached this valid agreement by refusing to accept certain payments. He maintains that his acceptance was timely because time was not of the essence. In *Kennedy Ship & Repair, L.P. v. Pham*, 210 S.W. 3d 11, 19 (Tex. App.--Houston [14th Dist.] 2006, no pet.), the appellate court opined,

> Ordinarily time is not of the essence. Also, a date stated for performance does not mean time is of the essence. Instead, the contract must expressly make time of the essence or there must be something in the nature or purpose of the contract and the circumstances surrounding it making it apparent that the parties intended that time be of the essence. Unless the contract expressly makes time of the essence, the issue is a fact question for the jury. [citations omitted]

Furthermore, argues Williams, when time is not of the essence, a reasonable time to accept can be inferred, based on the facts and circumstances of each case, including "the nature of the proposed contract, the purposes of the parties, the course of dealing between them, and any relevant usages of trade." *Christy v. Andrus*, 722 S.W. 2d 822, 824 (Tex. App.--Eastland 1987, writ ref'd n.r.e.). Normally it would be a question of fact. *Id.* Where the

significant facts and circumstances are not disputed, it may be a question of law. *Id.*

Since the letter did not contain any specific time-is-of-the-essence language, Williams contends that Court should consider the numerous communications between the parties leading up to the offer, Williams' acceptance and submission of the mortgagor contribution a few days late, mail service, etc. to determine whether Plaintiff's submission was reasonable.

Moreover Williams claims that the three dollar deficiency in his mortgagor contribution was not a material breach because there was substantial performance. *Turner, Collie & Bradeb, Inc. v. Brookhollow, Inc.*, 642 S.W. 2d 160, 164 (Tex. 1982).

Williams also asserts that he provided new consideration for the modification of the Note and Deed of Trust in accepting the terms of the modification, agreeing to a new principal balance and new mortgage payments and interest rates identified in the letter, and in sending a payment of $2,850.00. Furthermore he suffered damages when the Bank ignored the new contract formed in June 2009 and sought to enforce its rights under the previous Note and Deed of trust, resulting in the Notice of Default, Demand for Payment and Intention to Accelerate based on payments missed since December 28, 2008, six months before the new contract was created. While Williams agrees that he would not have been damaged by the payments he made in and after June 2009 because they would have reduced his

debt obligation, the fact is they were returned after the new contract was created and were returned in direct breach of that new contract, and he consequently suffered damages from the acceleration of his loan and attempted foreclosure of his home.

Williams maintains that the statute of frauds does not apply because the loan modification was not some written or oral agreement that happened before or contemporaneously with the original Note and therefore must be included in the original writing to be effective. Instead it was sent in writing by the Bank to Williams, stating clearly that it was an offer for full modification with terms that created a new and valid contract and that could be, and was, accepted by Williams.

### The Bank's Reply (#14)

Plaintiff's claim that the proposal offer was accepted because time was not of the essence for performance is erroneous. Timely performance of a contract term is not at issue here because there was no new contract formed. Plaintiff's legal theories and cited authority stand for the proposition that time is not of essence for performance of the contract, not for acceptance of an offer. For instance, in *Kennedy Ship*, in which a valid contract had already been made, the defendant alleged that it did not breach the contract by untimely delivery of a boat because the contract did not make time of essence for performance. As for Williams' claim that "when time is not of the essence a reasonable time to accept

can be inferred," that proposition is also incorrect. In *Christy v. Andrus*, "[t]he general rule is that <u>if no time is fixed for the acceptance of an offer</u>, the offer terminates at the expiration of a reasonable time." 722 S.W. 2d at 824 (emphasis added). In that case, the settlement offer at issue required the plaintiff to contact the defendant at the "earliest possible convenience to conclude this matter." *Id.* at 823. Since there was no fixed time to accept the offer, the court viewed the facts and circumstances to determine a reasonable time for the plaintiff to accept the offer. *Id.* at 824. In contrast, in the instant action, the proposal had a fixed time for acceptance of the offer. Indeed the proposal is analogous to a time demand offer, i.e., an offer which by its very terms expires "at a certain time and can no longer be accepted after the expiration of such time." *Francisco v. Foret*, No. 05-04-00001, 2005 WL 78686, at *1 (Tex.--Dallas Jan. 14, 2005, no pet.), *citing Lacquement v. Handy*, 876 S.W. 2d 932, 935 (Tex. App.--Fort Worth, 1994)(finding that an offer was not a time demand offer because the language in the offer did not clearly indicate that the offer would expire automatically without any further action required if it was not accepted before the expiration of a certain time limit). Thus only when it is difficult to determine whether an offer has a fixed time limit may the court examine the offer in light of the surrounding circumstances to determine one. *Id.*, *citing Republic Nat'l Bank of Dallas v. Northwest Nat'l Bank*

*of Fort Worth*, 578 S.W. 2d 109, 115 (Tex. 1978). Here, emphasizes the Bank, the proposal unequivocally states the offer would expire automatically without further notice if Plaintiff did not accept the offer within seven days from May 29, 2009. Thus the proposal was a time demand offer. Moreover, under Texas law, whether an offer was accepted and a contract formed is primarily a question of law for the court to determine. *Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 207 (5th Cir. 1998).

Finally, the Bank observes that "an offeror is free to limit acceptance to a fixed time period." *Houston Dairy, Inc. v. John Hancock Mutual Life Ins. Co.*, 643 F.2d 1185, 1196 (5th Cir. 1981), *citing* 1A *Corbin on Contracts* § 40 (1963); 1 S. Williston, *Contracts* § 76 (3d ed. W. Jaege, 1957); and *Restatement of Contracts* § 40 (1932). After that time period has elapsed, "a belated attempt to accept would be ineffective." *Id.* Furthermore, where "'an offer prescribes the time and manner of acceptance, its terms in this respect must be complied with to create a contract.'" *Paul Mueller v. Alcon Labs., Inc.*, 993 S.W. 2d 851, 855 (Tex. App.--Fort Worth 1999, no pet.), *quoting Town of Lindsay v. Cooke County Elec. Cooperative Ass'n*, 502 S.W. 2d 117, 118 (Tex. 1973).

**Magistrate Judge's Memorandum and Recommendation (#17)**

Magistrate Judge Stacy concurs with the Bank's arguments and authority and concludes that "Williams' arguments are not well-taken." #17 at pp. 6-7. *Citing Pennington v. HSBC Bank USA, N.A.*,

493 Fed. Appx. 548, 555 (5th Cir. Oct. 3, 2012)(holding that a lender did not indicate an intent to be bound by an unsigned permanent modification agreement after it had accepted lower mortgage payments under a trial modified plan), *cert. denied*, 133 S. Ct. 1272 (2013), the Magistrate Judge held that the Bank's acceptance of some mortgage payments for less than the original amount for several months does not indicate an intent to be bound by the May 29, 2009 letter, which indicates that Williams was in default on his regular mortgage payments and the Bank's foreclosure efforts would proceed.

### Plaintiff's Objection (#18)

Williams' objection rehashes the same arguments he made in his response to the motion to dismiss, and which this Court concludes that the Bank has correctly controverted and which Judge Stacy has correctly rejected.

Accordingly, the Court ADOPTS the Magistrate Judge's memorandum and recommendation as its own and

ORDERS that the Bank's motion to dismiss is GRANTED. A final judgment shall issue by separate order.

**SIGNED** at Houston, Texas, this  14th  day of  July , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE